[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14948
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00076-MSS-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA ALLEN TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 9, 2013)

Before CARNES, Chief Judge, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Joshua Allen Taylor appeals his conviction and sentence under 18 U.S.C. § 2252(a)(1), (b)(1), for transporting visual depictions of a minor engaging in sexually explicit conduct.  Taylor contends, for the first time on appeal, that his guilty plea was not knowing and voluntary because the incorrect statutory maximum term of supervised release was stated both in the written plea agreement and during the plea colloquy.  Taylor also asserts the Government breached the plea agreement by requesting a lifetime term of supervised release at sentencing, in excess of the statutory maximum detailed in the plea agreement.  After review, we affirm the district court.

*Knowing and Voluntary Plea*

Taylor first contends that his guilty plea was unknowing and involuntary because the plea agreement stated, and the district court informed him, that he faced a maximum five-year term of supervised release, instead of the actual maximum of lifetime supervised release.  The Government concedes error, but contends no prejudice has been shown.

Because Taylor did not object on this basis in the district court, we review for plain error.  *See United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010). To establish plain error, a defendant must show error, that is plain, "that prejudiced him by affecting his substantial rights."  *Id.*  Prejudice requires a "reasonable probability that, but for the error, the defendant would not have entered the plea."

2

*Id.* (alteration and quotations omitted).  Even then, we may not correct the error "unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quotations omitted).

When appropriate, we will consider the whole record when assessing whether a Rule 11 error affects a defendant's substantial rights.  *United States v. Brown*, 586 F.3d 1342, 1345 (11th Cir. 2009).  Misadvising as to the maximum term of supervised release for a guilty plea can go to the knowing and voluntary nature of that plea.  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); Fed. R. Crim. P 11(b)(1)(H).

In *Brown*, both the plea agreement and district court misadvised the defendant as to the maximum term of supervised release.  *Brown*, 586 F.3d at 1346.  Brown's PSI stated the correct term of supervised release, however, and Brown did not object to the PSI.  *Id.*  At the sentencing hearing, he also acknowledged discussing the PSI with his attorney and understanding its contents.  *Id.*  Brown did not object following pronouncement of the sentence, despite the fact that the supervised release imposed exceeded the statutory maximum stated in the plea agreement and during the plea colloquy.  *Id.*  We held that "Brown's own conduct indicates that his substantial rights were not harmed by the district court's error during the plea hearing."  *Id.*  We further noted that Brown had failed to show a reasonable probability that he would not have pled guilty but for the Rule 11

3

error.  *See id.* at 1347 (citing *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

*Brown* is squarely on point with this case.  While the plea agreement and magistrate judge misadvised Taylor as to the statutory maximum term of supervised release and stated that "up to five years" could be imposed, the PSI included the correct maximum, noting the statutory and Guidelines range was five years to life.  Taylor did not object to the PSI and, at sentencing, acknowledged reviewing the PSI with his attorney and understanding the PSI.  He did not object following pronouncement of the sentence, which included the lifetime term of supervised release.  He did not file a motion before the district court to withdraw his plea. Taylor further filed a sentencing memorandum explicitly acknowledged the applicability of a statutory maximum lifetime term of supervised release prior to sentencing.  Accordingly, he has failed to show that the error affected his substantial rights or that he would have withdrawn his plea had he known of the correct statutory maximum term of supervised release.

*Government Breach of Plea Agreement*

Taylor also contends the Government breached the plea agreement by requesting a term of supervised release in excess of the maximum specified in the plea agreement, requiring this Court to vacate his conviction and sentence.

A plea agreement is essentially a contract between the United States and the defendant that the government is bound to fulfill. *Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). We judge an alleged violation of a plea agreement by the defendant's reasonable understanding at the time of the plea. *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996).

The statement of the statutory maximum term of supervised release in the plea agreement was not a "promise" by the Government. Rather, the Government's promise was to recommend a sentence within the applicable Guidelines range as determined by the Court. The PSI determined that the applicable Guidelines range for supervised release was five years to life. Receiving no objections to the PSI, the district court adopted it. Accordingly, the Guidelines range for supervised release, as determined by the district court, was five years to life. The Government complied with its promise to recommend a Guidelines range sentence, as determined by the district court, because the lifetime term of supervised release recommended by the Government was within the applicable supervised release Guidelines range.

*Conclusion*

The district court did not plainly err as to either ground. We affirm Taylor's conviction and sentence.

5

**AFFIRMED.**